

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Barnes & Noble, Inc. and
barnesandnoble.com llc,

                Plaintiffs,

v.

Alcatel-Lucent USA, Inc.,

                Defendant.

Civil Action No.:

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiffs Barnes & Noble, Inc. and barnesandnoble.com llc (collectively "Barnes & Noble") by its attorneys, Dickstein Shapiro LLP, for its complaint against defendant Alcatel-Lucent USA, Inc. states as follows:

## NATURE OF THE ACTION

1. This is a civil action for a declaratory judgment pursuant to 28 U.S.C. § 2201. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338 and 2201 with respect to an actual controversy arising under the Patent Laws of the United States.

## THE PARTIES

2. Plaintiff barnesandnoble.com llc is a limited liability company of the State of Delaware with offices in this district at 76 9th Avenue, New York, New York 10011-4692.

3. Plaintiff Barnes & Noble, Inc. is a corporation of the State of Delaware with its headquarters in this district at 122 Fifth Avenue, New York, New York 10011.

4. Defendant Alcatel-Lucent USA, Inc. ("Alcatel-Lucent") is a corporation of the State of Delaware and maintains a principal place of business at 600-700 Mountain Avenue, Murray Hill, New Jersey 07974. Alcatel-Lucent conducts business throughout the United States, including within the State of New York and within this district.

## JURISDICTION AND VENUE

5. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Patent Laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Alcatel-Lucent because (a) Alcatel-Lucent is registered with the New York State Department Of State, Division Of Corporations, to do business in New York, (b) Alcatel-Lucent asserted its patent rights against Barnes & Noble in New York State, and (c) on information and belief, Alcatel-Lucent transacts business in New York State and regularly contracts to supply goods and services in the State of New York.

7. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## FACTUAL BACKGROUND

8. Barnes & Noble, Inc., through various subsidiaries, is a retailer of books and other merchandise through retail outlets and via the Internet. Barnes & Noble, Inc., directly or indirectly, makes and sells the NOOK™ electronic book reader which was announced in October 2009 and first shipped to customers in December 2009.

9. barnesandnoble.com llc is a retailer of books and other merchandise through the Internet. barnesandnoble.com llc also sells the NOOK™ electronic book reader.

10. Alcatel-Lucent manufactures and sells telecommunications equipment and

services.

11. Alcatel-Lucent has accused Barnes & Noble's web site and the NOOK™ electronic book reader of infringing seven Alcatel-Lucent patents, U.S. Patent Nos. 4,973,961 (the "'961 patent") (attached as Exhibit A), 5,350,303 (the "'303 patent") (attached as Exhibit B), 5,404,507 (the "'507 patent") (attached as Exhibit C), 5,623,656 (the "'656 patent") (attached as Exhibit D), 5,649,131 (the "'131 patent") (attached as Exhibit E), 6,041,316 (the "'316 patent") (attached as Exhibit F), and 6,157,707 (the "'707 patent") (attached as Exhibit G), and has requested that Barnes & Noble take a license under the seven asserted patents. On information and belief, Alcatel-Lucent has sufficient right, title and/or interest in the '961, '303, '507, '656, '131, '316 and '707 patents to bring suit for alleged infringement of those patents.

12. Barnes & Noble does not make, use or sell any device or use any method that infringes any valid claim of the '961, '303, '507, '656, '131, '316 or '707 patents.

13. A declaration of rights between the parties is necessary to establish that Barnes & Noble does not infringe any valid claim of the '961, '303, '507, '656, '131, '316 and '707 patents.

## CAUSE OF ACTION

### Count I – Declaratory Judgment Of Noninfringement Of U.S. Patent No. 4,973,961

14. Barnes & Noble repeats and realleges the allegations contained in paragraphs 1 through 13.

15. barnesandnoble.com llc's web site does not infringe any valid claim of the '961 patent.

16. The NOOK™ electronic book reader does not infringe any valid claim of the '961 patent.

17. Barnes & Noble is entitled to entry of judgment pursuant to 28 U.S.C. §§ 2201

and 2202 declaring that Barnes & Noble does not infringe any valid claim of the '961 patent.

### Count II – Declaratory Judgment Of Invalidity Of U.S. Patent No. 4,973,961

18. Barnes & Noble repeats and realleges the allegations contained in paragraphs 1 through 13.

19. The claims of the '961 patent are not valid for failure to comply with the requirements of the Patent Statutes, 35 U.S.C. § 1, et seq., including but not limited to §§ 102, 103 and 112.

20. Barnes & Noble is entitled to entry of judgment pursuant to 28 U.S.C. §§ 2201 and 2202 declaring that the '961 patent is invalid.

### Count III – Declaratory Judgment Of Noninfringement Of U.S. Patent No. 5,350,303

21. Barnes & Noble repeats and realleges the allegations contained in paragraphs 1 through 13.

22. barnesandnoble.com llc's web site does not infringe any valid claim of the '303 patent.

23. The NOOK™ electronic book reader does not infringe any valid claim of the '303 patent.

24. Barnes & Noble is entitled to entry of judgment pursuant to 28 U.S.C. §§ 2201 and 2202 declaring that Barnes & Noble does not infringe any valid claim of the '303 patent.

### Count IV – Declaratory Judgment Of Invalidity Of U.S. Patent No. 5,350,303

25. Barnes & Noble repeats and realleges the allegations contained in paragraphs 1 through 13.

26. The claims of the '303 patent are not valid for failure to comply with the

DOCSNY-426738v1

requirements of the Patent Statutes, 35 U.S.C. § 1, et seq., including but not limited to §§ 102, 103 and 112.

27. Barnes & Noble is entitled to entry of judgment pursuant to 28 U.S.C. §§ 2201 and 2202 declaring that the `303 patent is invalid.

### Count V – Declaratory Judgment Of Noninfringement Of U.S. Patent No. 5,404,507

28. Barnes & Noble repeats and realleges the allegations contained in paragraphs 1 through 13.

29. barnesandnoble.com llc's web site does not infringe any valid claim of the `507 patent.

30. The NOOK™ electronic book reader does not infringe any valid claim of the `507 patent.

31. Barnes & Noble is entitled to entry of judgment pursuant to 28 U.S.C. §§ 2201 and 2202 declaring that Barnes & Noble does not infringe any valid claim of the `507 patent.

### Count VI – Declaratory Judgment Of Invalidity Of U.S. Patent No. 5,404,507

32. Barnes & Noble repeats and realleges the allegations contained in paragraphs 1 through 13.

33. The claims of the `507 patent are not valid for failure to comply with the requirements of the Patent Statutes, 35 U.S.C. § 1, et seq., including but not limited to §§ 102, 103 and 112.

34. Barnes & Noble is entitled to entry of judgment pursuant to 28 U.S.C. §§ 2201 and 2202 declaring that the `507 patent is invalid.

DOCSNY-426738v1

### Count VII – Declaratory Judgment Of Noninfringement Of
### U.S. Patent No. 5,623,656

35. Barnes & Noble repeats and realleges the allegations contained in paragraphs 1 through 13.

36. barnesandnoble.com llc's web site does not infringe any valid claim of the `656 patent.

37. The NOOK™ electronic book reader does not infringe any valid claim of the `656 patent.

38. Barnes & Noble is entitled to entry of judgment pursuant to 28 U.S.C. §§ 2201 and 2202 declaring that Barnes & Noble does not infringe any valid claim of the `656 patent.

### Count VIII – Declaratory Judgment Of Invalidity Of
### U.S. Patent No. 5,623,656

39. Barnes & Noble repeats and realleges the allegations contained in paragraphs 1 through 13.

40. The claims of the `656 patent are not valid for failure to comply with the requirements of the Patent Statutes, 35 U.S.C. § 1, et seq., including but not limited to §§ 102, 103 and 112.

41. Barnes & Noble is entitled to entry of judgment pursuant to 28 U.S.C. §§ 2201 and 2202 declaring that the `656 patent is invalid.

### Count IX – Declaratory Judgment Of Noninfringement Of
### U.S. Patent No. 5,649,131

42. Barnes & Noble repeats and realleges the allegations contained in paragraphs 1 through 13.

43. barnesandnoble.com llc's web site does not infringe any valid claim of the `131 patent.

44. The NOOK™ electronic book reader does not infringe any valid claim of the `131

patent.

45. Barnes & Noble is entitled to entry of judgment pursuant to 28 U.S.C. §§ 2201 and 2202 declaring that Barnes & Noble does not infringe any valid claim of the '131 patent.

### Count X – Declaratory Judgment Of Invalidity Of U.S. Patent No. 5,649,131

46. Barnes & Noble repeats and realleges the allegations contained in paragraphs 1 through 13.

47. The claims of the '131 patent are not valid for failure to comply with the requirements of the Patent Statutes, 35 U.S.C. § 1, et seq., including but not limited to §§ 102, 103 and 112.

48. Barnes & Noble is entitled to entry of judgment pursuant to 28 U.S.C. §§ 2201 and 2202 declaring that the '131 patent is invalid.

### Count XI – Declaratory Judgment Of Noninfringement Of U.S. Patent No. 6,041,316

49. Barnes & Noble repeats and realleges the allegations contained in paragraphs 1 through 13.

50. barnesandnoble.com llc's web site does not infringe any valid claim of the '316 patent.

51. The NOOK™ electronic book reader does not infringe any valid claim of the '316 patent.

52. Barnes & Noble is entitled to entry of judgment pursuant to 28 U.S.C. §§ 2201 and 2202 declaring that Barnes & Noble does not infringe any valid claim of the '316 patent.

### Count XII – Declaratory Judgment Of Invalidity Of U.S. Patent No. 6,041,316

53. Barnes & Noble repeats and realleges the allegations contained in paragraphs 1

7

DOCSNY-426738v1

through 13.

54. The claims of the '316 patent are not valid for failure to comply with the requirements of the Patent Statutes, 35 U.S.C. § 1, et seq., including but not limited to §§ 102, 103 and 112.

55. Barnes & Noble is entitled to entry of judgment pursuant to 28 U.S.C. §§ 2201 and 2202 declaring that the '316 patent is invalid.

### Count XIII – Declaratory Judgment Of Noninfringement Of U.S. Patent No. 6,157,707

56. Barnes & Noble repeats and realleges the allegations contained in paragraphs 1 through 13.

57. barnesandnoble.com llc's web site does not infringe any valid claim of the '707 patent.

58. The NOOK™ electronic book reader does not infringe any valid claim of the '707 patent.

59. Barnes & Noble is entitled to entry of judgment pursuant to 28 U.S.C. §§ 2201 and 2202 declaring that Barnes & Noble does not infringe any valid claim of the '707 patent.

### Count XIV – Declaratory Judgment Of Invalidity Of U.S. Patent No. 6,157,707

60. Barnes & Noble repeats and realleges the allegations contained in paragraphs 1 through 13.

61. The claims of the '707 patent are not valid for failure to comply with the requirements of the Patent Statutes, 35 U.S.C. § 1, et seq., including but not limited to §§ 102, 103 and 112.

62. Barnes & Noble is entitled to entry of judgment pursuant to 28 U.S.C. §§ 2201 and 2202 declaring that the '707 patent is invalid.

DOCSNY-426738v1

## REQUEST FOR RELIEF

Plaintiffs request the that the Court enter a judgment:

A.  Declaring that Barnes & Noble does not infringe any valid claim of U.S. Patent Nos. 4,973,961, 5,350,303, 5,404,507, 5,623,656, 5,649,131, 6,041,316, and 6,157,707;

B.  Declaring that the claims of U.S. Patent Nos. 4,973,961, 5,350,303, 5,404,507, 5,623,656, 5,649,131, 6,041,316, and 6,157,707 are not valid;

C.  Finding that this is an exceptional case pursuant to 35 U.S.C. § 285 and awarding Barnes & Noble its reasonable attorney fees, expenses and costs incurred in this action.

D.  Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b), Fed. R. Civ. P., plaintiffs Barnes & Noble, Inc. and barnesandnoble.com llc demand a trial by jury on all issues triable of right by a jury.

Dated: July 29, 2010

DICKSTEIN SHAPIRO LLP

Christopher K. Hu
Gerard A. Haddad
Joshua P. Jaffe

1633 Broadway
New York, New York 10019
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Plaintiffs Barnes & Noble, Inc. and barnesandnoble.com llc

9