**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------- X

**BARNES & NOBLE, INC.,** *et al.*,

                  Plaintiffs,

      **-against-**

**ALCATEL-LUCENT USA INC.,**

               Defendant.

------------------------------------- X

**Case No. 1:10-cv-05759-GBD**

**JURY TRIAL DEMANDED**

**ECF CASE**

**DEFENDANT ALCATEL-LUCENT USA INC.'S ANSWER AND COUNTERCLAIM TO**
**PLAINTIFFS' COMPLAINT**

Defendant and Counterclaim Plaintiff Alcatel-Lucent USA Inc. ("Alcatel-Lucent USA")

files this Answer and Counterclaim to Plaintiffs and Counterclaim Defendants Barnes & Noble,

Inc.'s and barnesandnoble.com llc's (collectively "Barnes & Noble") Complaint.  Alcatel-Lucent

USA denies the allegations and characterizations in the Complaint unless expressly admitted in

the following paragraphs:

## NATURE OF THE ACTION

1.     Alcatel-Lucent USA admits that this is a civil action for declaratory judgment

pursuant to 28 U.S.C. § 2201.  To the extent an actual controversy arising under the Patent Laws

of the United States exists, Alcatel-Lucent USA admits that this Court has subject matter

jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338 and 2201.

## THE PARTIES

2.     Alcatel-Lucent USA lacks sufficient knowledge to admit or deny the allegations

contained in paragraph 2 of the Complaint and therefore denies those allegations.

3.     Alcatel-Lucent USA lacks sufficient knowledge to admit or deny the allegations

contained in paragraph 3 of the Complaint and therefore denies those allegations.

4.      Alcatel-Lucent USA admits the allegations contained in paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5.      Alcatel-Lucent USA admits the allegations contained in paragraph 5 of the Complaint.

6.      Alcatel-Lucent USA admits the allegations contained in paragraph 6 of the Complaint.

7.      Alcatel-Lucent USA lacks sufficient knowledge to admit or deny the allegations contained in paragraph 7 of the Complaint and therefore denies those allegations.

## FACTUAL BACKGROUND

8.      Alcatel-Lucent USA lacks sufficient knowledge to admit or deny the allegations contained in paragraph 8 of the Complaint and therefore denies those allegations.

9.      Alcatel-Lucent USA lacks sufficient knowledge to admit or deny the allegations contained in paragraph 9 of the Complaint and therefore denies those allegations.

10.      Alcatel-Lucent USA admits the allegations contained in paragraph 10 of the Complaint.

11.      In response to paragraph 11 of the Complaint, Alcatel-Lucent USA admits that Alcatel-Lucent USA owns all the rights, title, and interest in U.S. Patent Nos. 4,973,961 (the "'961 patent"), 5,350,303 (the "'303 patent"), 5,404,507 (the "'507 patent"), 5,623,656 (the "'656 patent"), 5,649,131 (the "'131 patent"), 6,041,316 (the "'316 patent"), and 6,157,707 (the "'707 patent").  Alcatel-Lucent USA further states that what appears to be a copy of the '961 patent is attached as Exhibit A to the Complaint, what appears to be a copy of the '303 patent is

attached as Exhibit B to the Complaint, what appears to be a copy of the '507 patent is attached as Exhibit C to the Complaint, what appears to be a copy of the '656 patent is attached as Exhibit D to the Complaint, what appears to be a copy of the '131 patent is attached as Exhibit E to the Complaint, what appears to be a copy of the '316 patent is attached as Exhibit F to the Complaint, and what appears to be a copy of the '707 patent is attached as Exhibit G to the Complaint.  Alcatel-Lucent USA further states that it has sufficient right, title and/or interest in the '961, '303, '507, '656, '131, '316, and '707 patents to bring suit for alleged infringement of those patents.  Alcatel-Lucent USA additionally admits that it has accused Barnes & Noble of infringing certain patents and that it has requested Barnes & Noble to license the same, but otherwise denies the allegations.

12.     Alcatel-Lucent USA denies the allegations in paragraph 12 of the Complaint.

13.     Alcatel-Lucent USA admits that a declaration of the rights of the parties is necessary, but otherwise denies the allegations in paragraph 13 of the Complaint.

## CAUSE OF ACTION

## COUNT I: DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 4,973,961

14.     Alcatel-Lucent USA incorporates its responses to the allegations in paragraphs 1 through 13 set forth above as if fully set forth herein.

15.     Alcatel-Lucent USA lacks sufficient knowledge to admit or deny the allegations in paragraph 15, and therefore denies those allegations.

16.     Alcatel-Lucent USA lacks sufficient knowledge to admit or deny the allegations in paragraph 16, and therefore denies those allegations.

17.     Alcatel-Lucent USA denies the allegations in paragraph 17 of the Complaint.

## COUNT II: DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 4,973,961

18.     Alcatel-Lucent USA incorporates its responses to the allegations in Paragraphs 1 through 13 set forth above as if fully set forth herein.

19.     Alcatel-Lucent USA denies the allegations in paragraph 19 of the Complaint.

20.     Alcatel-Lucent USA denies the allegations in paragraph 20 of the Complaint.

## COUNT III: DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 5,350,303

21.     Alcatel-Lucent USA incorporates its responses to the allegations in Paragraphs 1 through 13 set forth above as if fully set forth herein.

22.     Alcatel-Lucent USA denies the allegations in paragraph 22 of the Complaint.

23.     Alcatel-Lucent USA denies the allegations in paragraph 23 of the Complaint.

24.     Alcatel-Lucent USA denies the allegations in paragraph 24 of the Complaint.

## COUNT IV: DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 5,350,303

25.     Alcatel-Lucent USA incorporates its responses to the allegations in Paragraphs 1 through 13 set forth above as if fully set forth herein.

26.     Alcatel-Lucent USA denies the allegations in paragraph 26 of the Complaint.

27.     Alcatel-Lucent USA denies the allegations in paragraph 27 of the Complaint.

## COUNT V: DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 5,404,507

28.     Alcatel-Lucent USA incorporates its responses to the allegations in Paragraphs 1 through 13 set forth above as if fully set forth herein.

29.     Alcatel-Lucent USA denies the allegations in paragraph 29 of the Complaint.

30.     Alcatel-Lucent USA denies the allegations in paragraph 30 of the Complaint.

31.     Alcatel-Lucent USA denies the allegations in paragraph 31 of the Complaint.

## COUNT VI: DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 5,404,507

32.     Alcatel-Lucent USA incorporates its responses to the allegations in Paragraphs 1 through 13 set forth above as if fully set forth herein.

33.     Alcatel-Lucent USA denies the allegations in paragraph 33 of the Complaint.

34.     Alcatel-Lucent USA denies the allegations in paragraph 34 of the Complaint.

## COUNT VII: DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 5,623,656

35.     Alcatel-Lucent USA incorporates its responses to the allegations in Paragraphs 1 through 13 set forth above as if fully set forth herein.

36.     Alcatel-Lucent USA denies the allegations in paragraph 36 of the Complaint.

37.     Alcatel-Lucent USA denies the allegations in paragraph 37 of the Complaint.

38.     Alcatel-Lucent USA denies the allegations in paragraph 38 of the Complaint.

## COUNT VIII: DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 5,623,656

39.     Alcatel-Lucent USA incorporates its responses to the allegations in Paragraphs 1 through 13 set forth above as if fully set forth herein.

40.     Alcatel-Lucent USA denies the allegations in paragraph 40 of the Complaint.

41.     Alcatel-Lucent USA denies the allegations in paragraph 41 of the Complaint.

## COUNT IX: DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 5,649,131

42.     Alcatel-Lucent USA incorporates its responses to the allegations in Paragraphs 1 through 13 set forth above as if fully set forth herein.

43.     Alcatel-Lucent USA denies the allegations in paragraph 43 of the Complaint.

44.     Alcatel-Lucent USA denies the allegations in paragraph 44 of the Complaint.

45.     Alcatel-Lucent USA denies the allegations in paragraph 45 of the Complaint.

## COUNT X: DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 5,649,131

46.     Alcatel-Lucent USA incorporates its responses to the allegations in Paragraphs 1 through 13 set forth above as if fully set forth herein.

47.     Alcatel-Lucent USA denies the allegations in paragraph 47 of the Complaint.

48.     Alcatel-Lucent USA denies the allegations in paragraph 48 of the Complaint.

## COUNT XI: DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 6,041,316

49.     Alcatel-Lucent USA incorporates its responses to the allegations in Paragraphs 1 through 13 set forth above as if fully set forth herein.

50.     Alcatel-Lucent USA denies the allegations in paragraph 50 of the Complaint.

51.     Alcatel-Lucent USA denies the allegations in paragraph 51 of the Complaint.

52.     Alcatel-Lucent USA denies the allegations in paragraph 52 of the Complaint.

## COUNT XII: DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 6,041,316

53.     Alcatel-Lucent USA incorporates its responses to the allegations in Paragraphs 1 through 13 set forth above as if fully set forth herein.

54.     Alcatel-Lucent USA denies the allegations in paragraph 54 of the Complaint.

55.     Alcatel-Lucent USA denies the allegations in paragraph 55 of the Complaint.

## COUNT XIII: DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 6,157,707

56.     Alcatel-Lucent USA incorporates its responses to the allegations in Paragraphs 1 through 13 set forth above as if fully set forth herein.

57.     Alcatel-Lucent USA denies the allegations in paragraph 57 of the Complaint.

58.     Alcatel-Lucent USA denies the allegations in paragraph 58 of the Complaint.

59.     Alcatel-Lucent USA denies the allegations in paragraph 59 of the Complaint.

## COUNT XIV: DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 6,157,707

60.     Alcatel-Lucent USA incorporates its responses to the allegations in Paragraphs 1 through 13 set forth above as if fully set forth herein.

61.     Alcatel-Lucent USA denies the allegations in paragraph 61 of the Complaint.

62.     Alcatel-Lucent USA denies the allegations in paragraph 62 of the Complaint.

## COUNTERCLAIMS

Alcatel-Lucent USA Inc. ("Alcatel-Lucent USA"), by and through its attorneys, hereby bring these Counterclaims against Barnes & Noble, Inc. and barnesandnoble.com llc (collectively the "Barnes & Noble Defendants") as follows:

## THE PARTIES

1.     Counterclaim Plaintiff Alcatel-Lucent USA is a Delaware corporation and maintains a principle place of business at 600-700 Mountain Avenue, Murray Hill, New Jersey.

2.     As pled by the Barnes & Noble Defendants in Paragraph 3 of their Complaint, Counterclaim Defendant Barnes & Noble, Inc. is a Delaware corporation headquartered at 122 Fifth Avenue, New York, New York 10011.

3.     As pled by the Barnes & Noble Defendants in Paragraph 2 of their Complaint, Counterclaim Defendant barnesandnoble.com llc is a Delaware limited liability company with offices at 76 9th Avenue, New York, New York 1011-4692.

## JURISDICTION AND VENUE

4.     These counterclaims arise under the Patent Laws of the United States, Title 35 U.S.C. §§ 101 *et seq.*  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

5.     Upon information and belief, this Court has personal jurisdiction over the Barnes

& Noble Defendants arising out of their contacts within this District.  Each Barnes & Noble Defendant alleges that it maintains a place of business within this District.  Each Barnes & Noble Defendant has conducted and does conduct business with the State of New York.  Each Barnes & Noble Defendant ships, distributes, offers for sale, sells, imports and/or advertises its products in the United States, the State of New York, and this District.  Each Barnes & Noble Defendant has purposefully and voluntarily placed one or more of its infringing products (and/or services) into the stream of commerce with the expectation that these products will be purchased by consumers in this District.  Each Barnes & Noble Defendant has committed the tort of patent infringement within the State of New York and within this District.  The Barnes & Noble Defendants' contacts with this District are systematic and continuous, and Alcatel-Lucent USA's counterclaims arise out of or are related to the Barnes & Noble Defendants' contacts with this District.

6.     Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391 and/or 1400 because the Barnes & Noble Defendants reside and/or may be found, and have committed acts of infringement, in this District.

**FACTUAL BACKGROUND**

**The Barnes & Noble Defendants**

7.     The Barnes & Noble Defendants are, among other things, online retailers.  On information and belief, for the third quarter 2010, ending on January 30, 2010, the Barnes & Noble Defendants' transacted $210 million in web-based sales.

8.     The Barnes & Noble Defendants own, operate, and maintain—or control and direct the operation and maintenance of—website(s) including but not limited to http://www.barnesandnoble.com ("the Barnes & Noble website").

9.      On information and belief, visitors to and purchasers through the Barnes & Noble website reside in this District.

10.      The Barnes & Noble website consists of an Internet user interface through which visitors to the Barnes & Noble website are able to purchase products.  On the Barnes & Noble website, the Barnes & Noble Defendants offer many products for sale, including books, DVDs, music, video games, toys, food, and home furnishings.

11.      Internet-enabled digital book readers and/or devices, including at least the NOOK$^{TM}$, as well as content for digital book readers, are also available for purchase on the Barnes & Noble website.

12.      The Barnes & Noble website user interface allows Barnes & Noble website visitors to supply information, such as a visitor's e-mail address, name, address, state of residence, and zip code using a computer or Internet-enabled device.

13.      The Barnes & Noble Defendants collect, store, and maintain information supplied by visitors to the Barnes & Noble website, or direct and control the collection, storage, and maintenance of information supplied by visitors through the Barnes & Noble website.

## The Alcatel-Lucent USA Patents-In-Suit

14.      Alcatel-Lucent USA is the owner of all right, title, and interest in United States Patent No. 5,649,131 entitled "Communications Protocol," filed on December 30, 1992, and duly and legally issued on July 15, 1997 ("the '131 patent").  Alcatel-Lucent USA possesses all rights of recovery under the '131 patent, including the right to recover damages for past infringement.

15.      Alcatel-Lucent USA is the owner of all right, title, and interest in United States Patent No. 5,623,656 entitled "Script-Based Data Communication System and Method Utilizing State Memory," filed on December 15, 1994, and duly and legally issued on April 22, 1997 ("the

'656 patent").  Alcatel-Lucent USA possesses all rights of recovery under the '656 patent, including the right to recover damages for past infringement.

16.    Alcatel-Lucent USA is the owner of all right, title, and interest in United States Patent No. 5,404,507 entitled "Apparatus and Method for Finding Records in a Database by Formulating a Query Using Equivalent Terms Which Correspond to Terms in the Input Query," filed on March 2, 1992, and duly and legally issued on April 4, 1995 ("the '507 patent"). Alcatel-Lucent USA possesses all rights of recovery under the '507 patent, including the right to recover damages for past infringement.

17.    Alcatel-Lucent USA is the owner of all right, title, and interest in United States Patent No. 5,350,303 entitled "Method for Accessing Information in a Computer," filed on October 24, 1991, and duly and legally issued on September 27, 1994 ("the '303 patent"). Alcatel-Lucent USA possesses all rights of recovery under the '303 patent, including the right to recover damages for past infringement.

18.    Alcatel-Lucent USA is the owner of all right, title, and interest in United States Patent No. 6,041,316 entitled "Method and System for Ensuring Royalty payments for Data Delivered Over a Network," filed on July 25, 1994, and duly and legally issued on March 21, 2000 ("the '316 patent").  Alcatel-Lucent USA possesses all rights of recovery under the '316 patent, including the right to recover damages for past infringement.

19.    Alcatel-Lucent USA is the owner of all right, title, and interest in United States Patent No. 6,157,707 entitled "Automated and Selective Intervention in Transaction-Based Networks," filed on April 2, 1999, and duly and legally issued on December 5, 2000 ("the '707 patent").  Alcatel-Lucent USA possesses all rights of recovery under the '707 patent, including the right to recover damages for past infringement.

20.     Alcatel-Lucent USA is the owner of all right, title, and interest in United States Patent No. 5,509,074 entitled "Method of Protecting Electronically Published Materials Using Cryptographic Protocols," filed on January 27, 1994, and duly and legally issued on April 16, 1996 ("the '074 patent").  Alcatel-Lucent USA possesses all rights of recovery under the '074 patent, including the right to recover damages for past infringement.  A true and correct copy of the '074 patent is attached hereto as Exhibit A.  Collectively, the '131, '656, '507, '303, '316, '707 and '074 patents will be referenced to as "the Alcatel-Lucent USA Patents-In-Suit."

21.     On information and belief, the Barnes & Noble Defendants had knowledge of one or more of the Alcatel-Lucent USA Patents-In-Suit (including, but not limited to, notification provided directly from Alcatel-Lucent USA) and their respective infringing conduct.  Despite knowledge of these patents, the Barnes & Noble Defendants continue to commit acts of infringement.  The Barnes & Noble Defendants' continued infringement of the Alcatel-Lucent USA Patents-In-Suit is deliberate, intentional, and willful, making this an exceptional case within the meaning of the United States Patent Laws.

## COUNT I: PATENT INFRINGEMENT OF U.S. PATENT NO. 5,649,131 BY THE BARNES & NOBLE DEFENDANTS

22.     Counterclaim Plaintiff Alcatel-Lucent USA hereby restates and realleges the allegations set forth in Paragraphs 1-21 above and incorporates them by reference.

23.     The Barnes & Noble website user interface contains text, image, form entry, and other objects that are displayed to the Barnes & Noble website visitors on computers and Internet-enabled devices.

24.     The Barnes & Noble Defendants own, operate, and maintain—or control and direct the operation and maintenance of—hardware, software, and other instrumentalities responsible for text, image, form entry, and other objects within the Barnes & Noble website user

interface.

25.     When hardware, software, and other instrumentalities owned, operated and maintained by the Barnes & Noble Defendants—or hardware, software, and other instrumentalities controlled and directed by the Barnes & Noble Defendants—communicate with a Barnes & Noble website visitor's computer or Internet-enabled devices, among other things, the Barnes & Noble Defendants hardware, software, and other instrumentalities assign and transmit identifiers for input object types to the visitor's computer or Internet-enabled device.

26.     The Barnes & Noble Defendants have infringed and continue to infringe the '131 patent by utilizing and/or practicing methods claimed in the '131 patent, for example, by the operation of the Barnes & Noble website and any other websites utilizing and/or practicing the methods claimed in the '131 patent.

27.     The Barnes & Noble Defendants are liable for infringement under 35 U.S.C. § 271, including direct and/or indirect infringement of the '131 patent, both literally and under the doctrine of equivalents.

28.     The Barnes & Noble Defendants do not have a license or permission to use the claimed subject matter in the '131 patent.

29.     As a direct and proximate cause of the Barnes & Noble Defendants' infringement of the '131 patent, Alcatel-Lucent USA has been injured and has been caused significant damage, financial and otherwise, in an amount to be proven at trial.  Alcatel-Lucent USA has no adequate remedy at law against the Barnes & Noble Defendants' acts of infringement, and unless they are enjoined by the Court, Alcatel-Lucent USA will suffer irreparable harm.  The damage and injury, financial and otherwise, to Alcatel-Lucent USA will continue unless the Barnes & Noble Defendants' infringing conduct is enjoined.

## COUNT II: PATENT INFRINGEMENT OF U.S. PATENT NO. 5,623,656 BY THE BARNES & NOBLE DEFENDANTS

30.     Counterclaim Plaintiff Alcatel-Lucent USA hereby restates and realleges the allegations set forth in Paragraphs 1-29 above and incorporates them by reference.

31.     The Barnes & Noble Defendants own, operate, and maintain—or control and direct the operation and maintenance of—hardware, software, and other instrumentalities responsible for communicating with Barnes & Noble website visitors' computers or Internet-enabled devices.

32.     The Barnes & Noble Defendants receive script-based information from Barnes & Noble website visitors' computers or Internet-enabled devices, including but not limited to scripts in the hypertext mark-up language ("HTML").  The Barnes & Noble Defendants retrieve data in response to the scripts received from a Barnes & Noble website visitor and transmit modified scripts back to the visitor's computer or Internet-enabled device.

33.     The Barnes & Noble Defendants have infringed and continue to infringe the '656 patent by utilizing and/or practicing the methods and/or systems claimed in the '656 patent.  The Barnes & Noble Defendants' infringement occurs, for example, in the operation of the Barnes & Noble website and any other websites utilizing and/or practicing the methods and/or systems claimed in the '656 patent.

34.     The Barnes & Noble Defendants are liable for infringement under 35 U.S.C. § 271, including direct and/or indirect infringement of the '656 patent, both literally and under the doctrine of equivalents.

35.     The Barnes & Noble Defendants do not have a license or permission to use the claimed subject matter in the '656 patent.

36.     As a direct and proximate cause of the Barnes & Noble Defendants' infringement

of the '656 patent, Alcatel-Lucent USA has been injured and has been caused significant damage, financial and otherwise, in an amount to be proven at trial.  Alcatel-Lucent USA has no adequate remedy at law against the Barnes & Noble Defendants' acts of infringement, and unless they are enjoined by the Court, Alcatel-Lucent USA will suffer irreparable harm.  The damage and injury, financial and otherwise, to Alcatel-Lucent USA will continue unless the Barnes & Noble Defendants' infringing conduct is enjoined.

## COUNT III: PATENT INFRINGEMENT OF U.S. PATENT NO. 5,404,507 BY THE BARNES & NOBLE DEFENDANTS

37.     Counterclaim Plaintiff Alcatel-Lucent USA hereby restates and realleges the allegations set forth in Paragraphs 1-36 above and incorporates them by reference.

38.     The Barnes & Noble website and/or Internet-enabled digital devices contain features that allow visitors to enter search terms in order to search for products that the Barnes & Noble Defendants sell.

39.     The Barnes & Noble Defendants process—or direct and control the processing of—search terms entered into the Barnes & Noble website and/or Internet-enabled digital devices by visitors.

40.     For instance, when a Barnes & Noble website and/or Internet-enabled digital device visitor enters incomplete or partially correct search terms on the Barnes & Noble website and/or Internet-enabled digital device, the Barnes & Noble Defendants process the search terms so as to retrieve records in accordance with the visitor's search terms.

41.     The Barnes & Noble Defendants have infringed and continue to infringe the '507 patent by providing and/or utilizing search functionalities, for example, the product search functionality available on the Barnes & Noble website and/or Internet-enabled digital devices, and any similar search functionality that practices and/or utilizes the methods and/or systems

claimed in the '507 patent.

42.     The Barnes & Noble Defendants are liable for infringement under 35 U.S.C. §
271, including direct and/or indirect infringement of the '507 patent, both literally and under the
doctrine of equivalents.

43.     The Barnes & Noble Defendants do not have a license or permission to use the
claimed subject matter in the '507 patent.

44.     As a direct and proximate cause of the Barnes & Noble Defendants' infringement
of the '507 patent, Alcatel-Lucent USA has been injured and has been caused significant
damage, financial and otherwise, in an amount to be proven at trial.  Alcatel-Lucent USA has no
adequate remedy at law against the Barnes & Noble Defendants' acts of infringement, and unless
they are enjoined by the Court, Alcatel-Lucent USA will suffer irreparable harm.  The damage
and injury, financial and otherwise, to Alcatel-Lucent USA will continue unless the Barnes &
Noble Defendants' infringing conduct is enjoined.

<u>COUNT IV: PATENT INFRINGEMENT OF U.S. PATENT NO. 5,350,303 BY THE
BARNES & NOBLE DEFENDANTS</u>

45.     Counterclaim Plaintiff Alcatel-Lucent USA hereby restates and realleges the
allegations set forth in Paragraphs 1-44 above and incorporates them by reference.

46.     On the Barnes & Noble website and/or Internet-enabled digital devices, a visitor
is allowed to view a portion of a book.  The Barnes & Noble Defendants refer to this feature on
the Barnes & Noble website as "See Inside."

47.     The Barnes & Noble Defendants have infringed and continue to infringe the '303
patent by making, using, selling, offering to sell, and/or importing, within or into the United
States products, functionalities and/or systems, including, but not limited to, "See Inside" and
any similar products, and/or website features and/or Internet-enabled digital device features, that

practice claimed inventions of the '303 patent.

48.     The Barnes & Noble Defendants are liable for infringement under 35 U.S.C. § 271, including direct and/or indirect infringement of the '303 patent, both literally and under the doctrine of equivalents.

49.     The Barnes & Noble Defendants do not have a license or permission to use the claimed subject matter in the '303 patent.

50.     As a direct and proximate cause of the Barnes & Noble Defendants' infringement of the '303 patent, Alcatel-Lucent USA has been injured and has been caused significant damage, financial and otherwise, in an amount to be proven at trial.  Alcatel-Lucent USA has no adequate remedy at law against the Barnes & Noble Defendants' acts of infringement, and unless they are enjoined by the Court, Alcatel-Lucent USA will suffer irreparable harm.  The damage and injury, financial and otherwise, to Alcatel-Lucent USA will continue unless the Barnes & Noble Defendants' infringing conduct is enjoined.

**COUNT V: PATENT INFRINGEMENT OF U.S. PATENT NO. 6,041,316 BY THE BARNES & NOBLE DEFENDANTS**

51.     Counterclaim Plaintiff Alcatel-Lucent USA hereby restates and realleges the allegations set forth in Paragraphs 1-50 above and incorporates them by reference.

52.     The Barnes & Noble website and/or Internet-enabled digital devices utilize product sampling and purchase features for digital content on the Barnes & Noble website.

53.     The Barnes & Noble Defendants have infringed and continue to infringe the '316 patent by making, using, selling, offering to sell, and/or importing, within or into the United States products and/or systems, including, but not limited to, product sampling and purchase features for digital content, and any other similar functionalities that practice claimed inventions of the '316 patent.

54. The Barnes & Noble Defendants are liable for infringement under 35 U.S.C. § 271, including direct and/or indirect infringement of the '316 patent, both literally and under the doctrine of equivalents.

55. The Barnes & Noble Defendants do not have a license or permission to use the claimed subject matter in the '316 patent.

56. As a direct and proximate cause of the Barnes & Noble Defendants' infringement of the '316 patent, Alcatel-Lucent USA has been injured and has been caused significant damage, financial and otherwise, in an amount to be proven at trial. Alcatel-Lucent USA has no adequate remedy at law against the Barnes & Noble Defendants' acts of infringement, and unless they are enjoined by the Court, Alcatel-Lucent USA will suffer irreparable harm. The damage and injury, financial and otherwise, to Alcatel-Lucent USA will continue unless the Barnes & Noble Defendants' infringing conduct is enjoined.

## COUNT VI: PATENT INFRINGEMENT OF U.S. PATENT NO. 6,157,707 BY THE BARNES & NOBLE DEFENDANTS

57. Counterclaim Plaintiff Alcatel-Lucent USA hereby restates and realleges the allegations set forth in Paragraphs 1-56 above and incorporates them by reference.

58. The Barnes & Noble Defendants own, operate, and maintain—or control and direct the operation and maintenance of—hardware, software, and other instrumentalities responsible for automatically selecting and rerouting only potentially fraudulent transactions for review during the "Web Checkout" process for purchases made from the Barnes & Noble website and/or during the process for purchases made on Barnes & Noble Internet-enabled digital devices.

59. The Barnes & Noble Defendants have infringed and continue to infringe the '707 patent by utilizing and/or practicing methods claimed in the '707 patent, for example, by the

operation of the Barnes & Noble website, any other websites, and/or Internet-enabled digital devices utilizing and/or practicing the methods claimed in the '707 patent.

60.    The Barnes & Noble Defendants are liable for infringement under 35 U.S.C. § 271, including direct and/or indirect infringement of the '707 patent, both literally and under the doctrine of equivalents.

61.    The Barnes & Noble Defendants do not have a license or permission to use the claimed subject matter in the '707 patent.

62.    As a direct and proximate cause of the Barnes & Noble Defendants' infringement of the '707 patent, Alcatel-Lucent USA has been injured and has been caused significant damage, financial and otherwise, in an amount to be proven at trial.  Alcatel-Lucent USA has no adequate remedy at law against the Barnes & Noble Defendants' acts of infringement, and unless they are enjoined by the Court, Alcatel-Lucent USA will suffer irreparable harm.  The damage and injury, financial and otherwise, to Alcatel-Lucent USA will continue unless the Barnes & Noble Defendants' infringing conduct is enjoined.

## COUNT VII: PATENT INFRINGEMENT OF U.S. PATENT NO. 5,509,074 BY THE BARNES & NOBLE DEFENDANTS

63.    Counterclaim Plaintiff Alcatel-Lucent USA hereby restates and realleges the allegations set forth in Paragraphs 1-62 above and incorporates them by reference.

64.    The Barnes & Noble Defendants have infringed and continue to infringe the '074 patent by making, using, selling, offering to sell, and/or importing, within or into the United States products and/or systems, including, but not limited to, digital books, Internet-enabled devices and any other similar products, that practice claimed inventions of the '074 patent.

65.    The Barnes & Noble Defendants are liable for infringement under 35 U.S.C. § 271, including direct and/or indirect infringement of the '074 patent, both literally and under

the doctrine of equivalents.

66.     The Barnes & Noble Defendants do not have a license or permission to use the claimed subject matter in the '074 patent.

67.     As a direct and proximate cause of the Barnes & Noble Defendants' infringement of the '074 patent, Alcatel-Lucent USA has been injured and has been caused significant damage, financial and otherwise, in an amount to be proven at trial.  Alcatel-Lucent USA has no adequate remedy at law against the Barnes & Noble Defendants' acts of infringement, and unless they are enjoined by the Court, Alcatel-Lucent USA will suffer irreparable harm.  The damage and injury, financial and otherwise, to Alcatel-Lucent USA will continue unless the Barnes & Noble Defendants' infringing conduct is enjoined.

## PRAYER FOR RELIEF

THEREFORE, Alcatel-Lucent USA prays for judgment as follows:

A.     That the Court enter judgment in Alcatel-Lucent USA's favor and against the Barnes & Noble Defendants on each and every Count in the Complaint and the Counterclaims;

B.     That the Barnes & Noble Defendants be found and declared to have infringed the Alcatel-Lucent USA Patents-In-Suit in violation of 35 U.S.C. § 271, and that all of the patents at issue be declared valid;

C.     That the Barnes & Noble Defendants be found to have willfully infringed the Alcatel-Lucent USA Patents-In-Suit;

D.     That the Barnes & Noble Defendants pay Alcatel-Lucent USA all damages which are available pursuant to 35 U.S.C. § 284, including but not limited to treble damages for any willful infringement by the Barnes & Noble Defendants;

E.     That an injunction, temporary and/or permanent, issue enjoining the Barnes &

Noble Defendants and their respective agents, servants, officers, directors, employees, parent companies, subsidiaries, affiliates, joint ventures, and all persons acting in concert with them, directly or indirectly, from infringing, inducing others to infringe, or contributing to the infringement of the Alcatel-Lucent USA Patents-In-Suit;

F.      An order requiring Defendants to deliver for destruction or to destroy all infringing products in their possession;

G.      If a permanent injunction is not granted, a judicial determination of the conditions for future infringement such as royalty-bearing compulsory license or such other relief as the Court deems appropriate;

H.      That the Barnes & Noble Defendants each be ordered to make an accounting of their respective sales, profits, royalties, and damages owed to Alcatel-Lucent USA, including a post-judgment equitable accounting of damages for the period of infringement of the Alcatel-Lucent USA Patents-In-Suit following the period of damages established by Alcatel-Lucent USA at trial;

I.      A finding that this case is exceptional pursuant to 35 U.S.C. § 285;

J.      That the Barnes & Noble Defendants pay attorneys' fees pursuant to 35 U.S.C. § 285;

K.      That the Barnes & Noble Defendants pay pre-judgment and post-judgment interest;

L.      That Alcatel-Lucent USA be awarded its costs, fees, and expenses in this action; and

M.      That Alcatel-Lucent USA be awarded any such other and further relief as this Court deems just, equitable, and proper.

## JURY DEMAND

With respect to all claims of Plaintiffs and the Counterclaims of Defendant and Counterclaim Plaintiff, a jury trial is demanded on all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted,

Dated:  August 23, 2010                **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

By: s/ Oren D. Langer
Oren D. Langer (OL-5962)
499 Park Avenue
Suite 1200
New York, NY 10022
Telephone: 212-980-7400
Facsimile: 212-980-7499
E-mail:  ODLanger@rkmc.com

*Of Counsel*
Jan M. Conlin
Thomas C. Mahlum
Melissa A. Goodman
800 LaSalle Avenue
2800 LaSalle Plaza
Minneapolis, MN  55402-2015
Telephone: 612-349-8500
Facsimile: 612-339-4181
E-mail:  JMConlin@rkmc.com
         TCMahlum@rkmc.com
         MAGoodman@rkmc.com

Marla R. Butler
499 Park Avenue
Suite 1200
New York, NY 10022
Telephone: 212-980-7400
Facsimile: 212-980-7499
E-mail:  MRButler@rkmc.com

**ATTORNEYS FOR DEFENDANT AND
COUNTERCLAIM PLAINTIFF
ALCATEL-LUCENT USA INC.**

## <u>CERTIFICATE OF SERVICE</u>

I **HEREBY CERTIFY** that a true copy of the foregoing **Defendant Altacel-Lucent USA Inc.'s Answer and Counterclaim to Plaintiff's Complaint** was served electronically via the CM/ECF system on all counsel of record on this 23rd day of August, 2010.

By: <u>s/ Oren D. Langer</u>
Oren D. Langer
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
499 Park Avenue, Suite 1200
New York, New York 10022
(212) 980-7400 Telephone
(212) 980-7499 Facsimile
E-mail:  ODLanger@rkmc.com

81679160.1