UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Barnes & Noble, Inc. and barnesandnoble.com llc,<br><br>      Plaintiffs,<br><br>v.<br><br>Alcatel-Lucent USA, Inc.,<br><br>      Defendant. | Civil Action No.: 1:10-cv-05759-GBD<br><br>JURY TRIAL DEMANDED<br><br>ECF CASE |

PLAINTIFFS BARNES & NOBLE, INC.'S AND BARNESANDNOBLE.COM LLC'S
REPLY AND COUNTER-COUNTERCLAIM TO THE COUNTERCLAIMS OF
<u>DEFENDANT ALCATEL-LUCENT USA, INC.</u>

Plaintiffs Barnes & Noble, Inc. and barnesandnoble.com llc (collectively "Barnes & Noble") reply to the Counterclaims of Defendant Alcatel-Lucent USA, Inc.'s ("Alcatel-Lucent") as follows. The numbered paragraphs below correspond to the numbered paragraphs of Alcatel-Lucent's Counterclaims.

<u>The Parties</u>

  1. As Alcatel-Lucent admitted in paragraph 4 of its Answer To Barnes & Noble's Complaint, admitted.

  2. Admitted.

  3. Barnes & Noble admits that barnesandnoble.com llc is a Delaware limited liability company with offices at 76 9th Avenue, New York, New York 10011-4692. Barnes & Noble denies the remaining allegations of paragraph 3.

Jurisdiction And Venue

4. Barnes & Noble admits that paragraph 4 asserts Alcatel-Lucent's counterclaims are for patent infringement, but denies that there has been infringement of any or enforceable valid claim of the patents in suit.  Barnes & Noble also admits this Court has subject matter jurisdiction over Alcatel-Lucent's counterclaims.  Barnes & Noble denies the remaining allegations of paragraph 4.

5. Barnes & Noble admits that there is personal jurisdiction over Barnes & Noble in this district.  Barnes & Noble, Inc. and barnesandnoble.com llc also admit that each maintains a place of business in this district. Barnes & Noble also admits that it ships, distributes, offers for sale, sells, imports, and advertises its products in the United States, the State of New York, and this district.  Barnes & Noble denies that it has committed infringing acts in the State of New York or in this district.  Barnes & Noble is without information sufficient to form a belief as to whether Alcatel-Lucent's counterclaims arise out of or are related to Barnes & Noble's contacts in this district.  Barnes & Noble denies that it has committed acts of patent infringement within the State of New York or in this district.  Barnes & Noble denies the remaining allegations of paragraph 5. Barnes & Noble admits that venue is proper in this district but denies that it has committed infringing acts in this district.

6. Barnes & Noble admits that venue is proper in this district but denies that it has committed infringing acts in this district.

Factual Background

7. Barnes & Noble admits that Barnes & Noble, Inc., through various subsidiaries, is a retailer of merchandise via the Internet.  Barnes & Noble also admits that barnesandnoble.com llc is a retailer of books and other merchandise through the Internet.  Barnes & Noble also admits that barnesandnoble.com llc transacted $210 million in sales for the third quarter of 2010. Barnes & Noble denies the remaining allegations of paragraph 7.

8. Admitted.

9. Barnes & Noble admits that some visitors to and purchasers of products through the Barnes & Noble website reside in this district. Barnes & Noble denies the remaining allegations of paragraph 9.

10. Admitted.

11. Barnes & Noble admits that the NOOK™ electronic book reader and content for digital book readers are available for purchase on the Barnes & Noble website. Barnes & Noble denies the remaining allegations of paragraph 11.

12. Denied.

13. Denied.

14. Barnes & Noble admits that United States Patent No. 5,649,131 (the "`131 patent") is entitled "Communications Protocol," was filed on December 30, 1992, and issued on July 15, 1997. Barnes & Noble is without information sufficient to form a belief as to whether Alcatel-Lucent USA is the owner of all right, title, and interest in the `131 patent or whether Alcatel-Lucent possesses all rights of recovery under the `131 patent. Barnes & Noble denies that the `131 patent was duly and legally issued. Barnes & Noble denies the remaining allegations of paragraph 14.

15. Barnes & Noble admits that United States Patent No. 5,623,656 (the "`656 patent") is entitled "Script-Based Data Communication System and Method Utilizing State Memory," was filed on December 15, 1994, and issued on April 22, 1997. Barnes & Noble is without information sufficient to form a belief as to whether Alcatel-Lucent USA is the owner of all right, title, and interest in the `656 patent or whether Alcatel-Lucent possesses all rights of recovery under the `656 patent. Barnes & Noble denies that the `656 patent was duly and legally issued. Barnes & Noble denies the remaining allegations of paragraph 15.

DOCSNY-429641v1

16. Barnes & Noble admits that United States Patent No. 5,404,507 (the "`507 patent") is entitled "Apparatus and Method for Finding Records in a Database by Formulating a Query Using Equivalent Terms Which Correspond to Terms in the Input Query," was filed on March 2, 1992, and issued on April 4, 1995.  Barnes & Noble is without information sufficient to form a belief as to whether Alcatel-Lucent USA is the owner of all right, title, and interest in the `507 patent or whether Alcatel-Lucent possesses all rights of recovery under the `507 patent.  Barnes & Noble denies that the `507 patent was duly and legally issued.  Barnes & Noble denies the remaining allegations of paragraph 16.

17. Barnes & Noble admits that United States Patent No. 5,350,303 (the "`303 patent") is entitled "Method for Accessing Information in a Computer," was filed on October 24, 1991, and issued on September 27, 1994.  Barnes & Noble is without information sufficient to form a belief as to whether Alcatel-Lucent USA is the owner of all right, title, and interest in the `303 patent or whether Alcatel-Lucent possesses all rights of recovery under the `303 patent.  Barnes & Noble denies that the `303 patent was duly and legally issued.  Barnes & Noble denies the remaining allegations of paragraph 17.

18. Barnes & Noble admits that United States Patent No. 6,041,316 (the "`316 patent") is entitled "Method and System for Ensuring Royalty Payments for Data Delivered Over a Network," was filed on July 25, 1994, and issued on March 21, 2000.  Barnes & Noble is without information sufficient to form a belief as to whether Alcatel-Lucent USA is the owner of all right, title, and interest in the `316 patent or whether Alcatel-Lucent possesses all rights of recovery under the `316 patent.  Barnes & Noble denies that the `316 patent was duly and legally issued.  Barnes & Noble denies the remaining allegations of paragraph 18.

19. Barnes & Noble admits that United States Patent No. 6,157,707 (the "`707 patent") is entitled "Automated and Selective Intervention in Transaction-Based Networks," was filed on April 2, 1999, and issued on December 5, 2000.  Barnes & Noble is without information

sufficient to form a belief as to whether Alcatel-Lucent USA is the owner of all right, title, and interest in the `707 patent or whether Alcatel-Lucent possesses all rights of recovery under the `707 patent.  Barnes & Noble denies that the `707 patent was duly and legally issued.  Barnes & Noble denies the remaining allegations of paragraph 19.

20. Barnes & Noble admits that United States Patent No. 5,509,074 (the "`074 patent") is entitled "Method of Protecting Electronically Published Materials Using Cryptographic Protocols," was filed on January 27, 1994, issued on April 16, 1996, and that a copy of the '074 patent is attached to Alcatel-Lucent's Answer And Counterclaims To Barnes & Noble's Complaint as Exhibit A.  Barnes & Noble is without information sufficient to form a belief as to whether Alcatel-Lucent USA is the owner of all right, title, and interest in the `074 patent or whether Alcatel-Lucent possesses all rights of recovery under the `074 patent.  Barnes & Noble denies that the `074 patent was duly and legally issued.  Barnes & Noble denies the remaining allegations of paragraph 20.

21. Barnes & Noble admits that Alcatel-Lucent first asserted Barnes & Noble was infringing the `131, `656, and `507 patents on July 16, 2009, the `303, `316, and `707 patents on April 30, 2010, and the `074 patent on August 23, 2010.  Barnes & Noble denies that there has been infringement of any valid or enforceable claim of the patents in suit and denies that any alleged infringement has been deliberate, intentional, or willful.  Barnes & Noble denies the remaining allegations of paragraph 21.

Count I

22. Barnes & Noble incorporates by reference the responses to paragraphs 1-21.

23. Denied.

24. Denied.

25. Denied.

26. Barnes & Noble denies that it has infringed or continues to infringe any valid or enforceable claim of the '131 patent.

27. Barnes & Noble denies that it is liable for infringement of any valid or enforceable claim of the `131 patent.

28. Barnes & Noble lacks sufficient information to confirm or deny the allegations of paragraph 28 and therefore denies those allegations.

29. Denied.

Count II

30. Barnes & Noble incorporates by reference the responses to paragraphs 1-21.

31. Denied.

32. Denied.

33. Barnes & Noble denies that it has infringed or continues to infringe any valid or enforceable claim of the '656 patent.

34. Barnes & Noble denies that it is liable for infringement of any valid or enforceable claim of the `656 patent.

35. Barnes & Noble lacks sufficient information to confirm or deny the allegations of paragraph 28 and therefore denies those allegations.

36. Denied.

Count III

37. Barnes & Noble incorporates by reference the responses to paragraphs 1-21.

38. Denied.

39. Denied.

40. Denied.

DOCSNY-429641v1

41. Barnes & Noble denies that it has infringed or continues to infringe any valid or enforceable claim of the '507 patent.

42. Barnes & Noble denies that it is liable for infringement of any valid or enforceable claim of the `507 patent.

43. Barnes & Noble lacks sufficient information to confirm or deny the allegations of paragraph 28 and therefore denies those allegations.

44. Denied.

Count IV

45. Barnes & Noble incorporates by reference the responses to paragraphs 1-21.

46. Denied.

47. Barnes & Noble denies that it has infringed or continues to infringe any valid or enforceable claim of the '303 patent.

48. Barnes & Noble denies that it is liable for infringement of any valid or enforceable claim of the `303 patent.

49. Barnes & Noble lacks sufficient information to confirm or deny the allegations of paragraph 28 and therefore denies those allegations.

50. Denied.

Count V

51. Barnes & Noble incorporates by reference the responses to paragraphs 1-21.

52. Denied.

53. Barnes & Noble denies that it has infringed or continues to infringe any valid or enforceable claim of the '316 patent.

54. Barnes & Noble denies that it is liable for infringement of any valid or enforceable claim of the `316 patent.

7

55. Barnes & Noble lacks sufficient information to confirm or deny the allegations of paragraph 28 and therefore denies those allegations.

56. Denied.

Count VI

57. Barnes & Noble incorporates by reference the responses to paragraphs 1-21.

58. Denied.

59. Barnes & Noble denies that it has infringed or continues to infringe any valid or enforceable claim of the '707 patent.

60. Barnes & Noble denies that it is liable for infringement of any valid or enforceable claim of the `707 patent.

61. Barnes & Noble lacks sufficient information to confirm or deny the allegations of paragraph 28 and therefore denies those allegations.

62. Denied.

Count VII

63. Barnes & Noble incorporates by reference the responses to paragraphs 1-21.

64. Barnes & Noble denies that it has infringed or continues to infringe any valid or enforceable claim of the '074 patent.

65. Barnes & Noble denies that it is liable for infringement of any valid or enforceable claim of the `074 patent.

66. Barnes & Noble lacks sufficient information to confirm or deny the allegations of paragraph 28 and therefore denies those allegations.

67. Denied.

## AFFIRMATIVE DEFENSES

First Affirmative Defense

68. Each claim of the `131, `656, `507, `303, `316, `707 and `074 patents (collectively "the patents in suit") is invalid for failure to comply with the requirements of the Patent Statutes, 35 U.S.C. § 1, et seq., including but not limited to §§ 101, 102, 103 and/or 112.

Second Affirmative Defense

69. Barnes & Noble does not directly infringe, contributorily infringe or actively induce others to infringe any valid or enforceable claim of the patents in suit.

Third Affirmative Defense

70. On information and belief, some or all of Alcatel-Lucent's claims for relief concerning the patents in suit are limited by failure to comply with the marking and notice requirements of 35 U.S.C. § 287(a).

Fourth Affirmative Defense

71. Alcatel-Lucent is barred by laches and/or estoppel from obtaining relief for alleged infringement because they unreasonably and inexcusably delayed in asserting the patents in suit, and because Barnes & Noble will suffer material prejudice attributable to the delay.

Fifth Affirmative Defense

72. Alcatel-Lucent is precluded from recovering damages for any acts of alleged infringement occurring (a) more than six (6) years before the filing of the Complaint pursuant to 35 U.S.C. § 287 and (b) prior to Alcatel-Lucent having providing proper notice of the patents in suit.

Sixth Affirmative Defense

73. Alcatel-Lucent is barred from enforcing the patents in suit against Barnes & Noble. Under the doctrine of patent exhaustion, implied or express license, estoppel, and have-made rights, the use or sale of products by and/or the use of sale of products supplied by licensees cannot give rise to liability for infringement of such licensed patents.

COUNTER-COUNTERCLAIM

For its counter-counterclaim against Alcatel-Lucent, Barnes & Noble states as follows:

THE PARTIES

74. Plaintiff barnesandnoble.com llc is a limited liability company of the State of Delaware with offices in this district at 76 9th Avenue, New York, New York 10011-4692.

75. Plaintiff Barnes & Noble, Inc. is a corporation of the State of Delaware with its headquarters in this district at 122 Fifth Avenue, New York, New York 10011.

76. Alcatel-Lucent USA, Inc. admitted in its Answer To Barnes & Noble's Complaint that it is a corporation of the State of Delaware, maintains a principal place of business at 600-700 Mountain Avenue, Murray Hill, New Jersey 07974, and conducts business throughout the United States, including within the State of New York and within this district.

JURISDICTION AND VENUE

77. There is an actual controversy between Barnes & Noble and Alcatel-Lucent with respect to U.S. Patent No. 5,509,074 (the "`074 patent"). This court has subject matter jurisdiction over this counter-counterclaim pursuant to 28 U.S.C. §§ 1331, 1338(a) and 2201.

78. By bringing a counterclaim for alleged infringement of the `074 patent, Alcatel-

Lucent has subjected itself to the personal jurisdiction of this court.

79. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

CAUSE OF ACTION

Count I – Declaratory Judgment Of Noninfringement Of
U.S. Patent No. 5,509,074

80. Barnes & Noble repeats and realleges the allegations contained in paragraphs 74 through 79.

81. barnesandnoble.com llc's web site does not infringe any valid or enforceable claim of the `074 patent.

82. The NOOK™ electronic book reader does not infringe any valid or enforceable claim of the `074 patent.

83. Barnes & Noble is entitled to entry of judgment pursuant to 28 U.S.C. §§ 2201 and 2202 declaring that Barnes & Noble does not infringe any valid or enforceable claim of the `074 patent.

Count II – Declaratory Judgment Of Invalidity Of
U.S. Patent No. 5,509,074

84. Barnes & Noble repeats and realleges the allegations contained in paragraphs 74 through 79.

85. The claims of the `074 patent are not valid for failure to comply with the requirements of the Patent Statutes, 35 U.S.C. § 1, et seq., including but not limited to §§ 102, 103 and 112.

86. Barnes & Noble is entitled to entry of judgment pursuant to 28 U.S.C. §§ 2201 and 2202 declaring that the `074 patent is invalid.

DOCSNY-429641v1

## INEQUITABLE CONDUCT

Barnes & Noble has been made aware that the defendants in a parallel case, *Alcatel-Lucent USA, Inc. v. Amazon.com, Inc. et al.*, Civ. No. 6:09-cv-422, in the United States District Court of the Eastern District of Texas ("the E.D. Tex. litigation"), have asserted in their Amended Answers to Alcatel-Lucent's Complaint that United States Patent No. 5,649,131 (the "`131 patent") is unenforceable due to inequitable conduct, as both an affirmative defense and counterclaim to Alcatel-Lucent's allegations of infringement. Defendants have asserted that the applicant(s), Chaim M. Ackerman, Alan L. Glasser, and Rueben Klein, their attorney(s), and/or their agent(s) and/or the person(s) involved in the preparation and/or prosecution of that patent violated their duty of candor and good faith in dealing with the U.S. Patent and Trademark Office. *See e.g.* the E.D. Tex. litigation, 08/10/2010 Defendants' Amazon.com and Zappos.com's Second Answer to Plaintiff's Amended Complaint at ¶¶ 10-11, 60-61.

In particular, the E.D. Tex. litigation defendants asserted that applicants had made intentional misrepresentations and/or omissions to the United States Patent and Trademark Office during prosecution of the `131 patent by failing to disclose any of the following allegedly highly material and not cumulative references as prior art while the `131 patent was still pending: (1) U.S. Patent No. 5,195,130 to Weiss et al., entitled "Computer and Telephone Apparatus with User Friendly Computer Interface and Enhanced Integrity Features," (2) the article "Terminal Protocols", Vol. COM-28, No. 4 (April 1980); or (3) the article "The X Window System" *ACM Transactions on Graphics*, Vol. 5, No. 2 (April 1986). Each of these references was cited by the same applicants during prosecution of U.S. Patent No. 5,651,109 (the "`109 patent"), which was not asserted in either the E.D. Tex. Litigation or this litigation, and includes thirteen of the sixteen figures that appear in the `131 patent. *See e.g.* the E.D. Tex. litigation, 08/10/2010

Defendants' Amazon.com and Zappos.com's Second Answer to Plaintiff's Amended Complaint at ¶¶ 12-27.

The E.D. Tex. litigation defendants further asserted that applicants made intentional misrepresentations and/or omissions to the United States Patent and Trademark Office during prosecution of the `131 patent by failing to disclose allegedly highly material and not cumulative information regarding AT&T's public disclosure of the sale or offer to sell the AT&T Smartphone, a project which was worked on by one of the applicants and allegedly was the subject of the `131 patent, to Huntington Bancshares more than one year prior to the filing date of the `131 patent. *See e.g.* the E.D. Tex. litigation, 08/10/2010 Defendants' Amazon.com and Zappos.com's Second Answer to Plaintiff's Amended Complaint at ¶¶ 28-30.

Due to the strict pleading requirements of inequitable conduct and because courts have cautioned litigants about the importance of Rule 11, Fed. R. Civ. P. in this context, and because no fact discovery has taken place, especially on the critical issue of intent to deceive, Barnes & Noble does not assert inequitable conduct at this time.  However, enforceability of the patents in suit is a matter of public policy and is an issue on which Barnes & Noble is entitled to take discovery.  Barnes & Noble also reserves its rights to amend its complaint and/or reply to Alcatel-Lucent's counterclaims to assert inequitable conduct in the future consistent with the Federal Rules of Civil Procedure.

<u>REQUEST FOR RELIEF</u>

Plaintiffs request the that the Court enter a judgment:

A. Dismissing Alcatel-Lucent's counterclaims with prejudice.

B. Declaring that Barnes & Noble does not infringe any valid or enforceable claim of U.S. Patent No. 5,509,074;

13

    C.    Declaring that the claims of U.S. Patent No. 5,509,074 are not valid;

    D.    Finding that this is an exceptional case pursuant to 35 U.S.C. § 285 and awarding Barnes & Noble its reasonable attorney fees, expenses and costs incurred in this action.

    E.    Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b), Fed. R. Civ. P., plaintiffs Barnes & Noble, Inc. and barnesandnoble.com llc demand a trial by jury on all issues triable of right by a jury.

DICKSTEIN SHAPIRO LLP

Dated: September 16, 2010

/s/ Gerard A. Haddad
Christopher K. Hu
Gerard A. Haddad
Joshua P. Jaffe

1633 Broadway
New York, New York 10019
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Plaintiffs Barnes & Noble, Inc. and barnesandnoble.com llc

CERTIFICATE OF SERVICE

   I certify that Plaintiffs Barnes & Noble, Inc.'s And barnesandnoble.com LLC's Reply And Counter-Counterclaim To The Counterclaims Of Defendant Alcatel-Lucent USA, Inc. was electronically filed on this date.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.


Dated: September 16, 2010    /s/
                 Gerard A. Haddad

DOCSNY-429641v1